UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CRAWFORD,

        Plaintiff,

v.

BENZIE-LEELANAU DISTRICT HEALTH
DEPARTMENT BOARD OF HEALTH, et al.,

        Defendants.
_____/

Case No. 1:13-CV-728

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This action alleging wrongful termination is before the Court on Defendants' motion for summary judgment. (ECF No. 35.) For the reasons that follow, the motion will be granted.

### I.

The essential facts are not in dispute. Plaintiff William Crawford has been employed at the Benzie-Leelanau District Health Department (and its predecessor) in various positions since 1976. In 1996 he became the Environmental Health Director, and in 1999 he was appointed by the Benzie-Leelanau District Health Department Board (the "Board") as the Health Officer. While serving as the Health Officer, Plaintiff continued his duties as Environmental Health Director.

On June 6, 2012, Health Department employee Heidi Roper complained to Personal

Health Director Jenifer Murray that Plaintiff had been acting inappropriately towards another co-worker, Vicky Kriskywicz, a "health tech" in the Personal Health area. Murray asked Kriskywicz to put her experiences in writing, and then collected additional written comments about Plaintiff from other employees in the Benzie County Office.

On June 15, Dr. Richard Nielsen, Chairman of the Board of Health, told Plaintiff that a sexual harassment complaint had been filed against him, but he did not give Plaintiff any details of what the complaint was or who had made it. On June 18, the Board's attorney, Jim Young, interviewed the seven employees at the Benzie County office who had provided written comments and Plaintiff. Young did not interview anyone who had not provided a written comment and he did not ask Plaintiff if there were others he should interview. After the interviews, Young only told Plaintiff that several employees had complained that Plaintiff had been talking to women's chests. Young also told Plaintiff not to talk to others or to discipline them for their reports.

On June 22, Nielsen advised Plaintiff that Young would be recommending Plaintiff's termination, and that Plaintiff should prepare to make a case for how he could be an effective leader after these allegations. On June 23, Plaintiff told Nielsen that he was having difficulty putting a defense together because he did not know what he was being accused of. Nielsen advised that there was an allegation that Plaintiff paid too much attention to a specific employee. At that point Plaintiff suspected who one of the complainants was, but he did not know for sure.

On June 26, Plaintiff met with the Board. Prior to the hearing, Young provided the Board members, but not Plaintiff, a report summarizing the interviews he had conducted. The employees who Young interviewed reported that Plaintiff had been making excessive attempts to make contact with or to be in the vicinity of one female employee and that he would stare at the chests of female employees. There was no report of any inappropriate touching or sexual content in Plaintiff's conversations. Plaintiff did not ask for additional time to investigate, to prepare a defense, or to seek advice of counsel. Plaintiff presented his defense to the vague sexual harassment charges orally and in writing. At the conclusion of the June 26 hearing, the Board voted unanimously that Plaintiff had violated three sections of the Health Department's Sexual Harassment Policy and voted to terminate him from his position as Health Officer. Plaintiff was demoted to a less-than-full-time position as a "Sanitarian." On December 12, 2012, the Board of Health held a name-clearing hearing. Plaintiff was permitted to present evidence, but before the hearing, the Board advised that it would not revisit its termination decision.

Plaintiff filed this action against the Board of Health (the "Board") and its six board members, alleging due process violations under 42 U.S.C. § 1983 (Counts 1 & 2) and a state law breach of contract claim (Count 4.) Plaintiff has voluntarily dismissed counts 3 and 5 and Defendant Jenifer Murray from this action. (ECF Nos. 15, 21.)

**II.**

The Federal Rules of Civil Procedure require the Court to grant summary judgment

"if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendants carry their burden of showing there is an absence of evidence to support a claim, Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In reviewing a motion for summary judgment this Court cannot weigh the evidence, make credibility determinations, or resolve material factual disputes. *Alman v. Reed*, 703 F.3d 887, 895 (6th Cir. 2013); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (stating that on a motion for summary judgment "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569-70 (6th Cir. 2012) (citing *Matsushita*, 475 U.S. at 587; *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009)). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Liberty Lobby*, 477 U.S. at 252. The proper inquiry is

4

whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

In Counts 1 & 2 of his complaint, Plaintiff alleges that the Board and the Board members in their official and individual capacities violated his procedural due process rights by depriving him of his constitutional property right to continued employment without adequate notice of the charges, the evidence, or the witnesses, without a meaningful opportunity to respond, and without an opportunity to appeal.

**A. Property Interest**

The parties are in agreement that, to make out his procedural due process claim, Plaintiff must show the deprivation of a constitutionally protected property or liberty interest. *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). A legitimate expectation of continued employment arising under state law is sufficient to form a protected property right for purposes of due process analysis. *Johnston-Taylor v. Gannon*, 907 F.2d 1577, 1581 (6th Cir. 1990). "A property right emanates from a contract or statute; public employment in and of itself is not a property interest automatically entitling an employee to procedural due process." *Engquist v. Livingston Cnty.*, 361 N.W.2d 794, 796 (Mich. Ct. App. 1984) (citing *Bd. of Regents v. Roth*, 408 U.S. 564 (1972); *Perry v. Sindermann*, 408 U.S. 593 (1972)).

Under Michigan law there is a strong presumption of employment at will. *Lytle v. Malady*, 579 N.W.2d 906, 911 (Mich. 1998). However, this presumption can be overcome by proof of (1) a contractual provision for a definite term of employment or a provision forbidding discharge absent just cause; (2) an express agreement, either written or oral, regarding job security that is clear and unequivocal; or (3) a contractual provision, implied at law, where an employer's policies and procedures instill a "legitimate expectation" of job security in the employee. *Id.*

Plaintiff's position as Health Officer is a statutorily created position. The Michigan Public Health Code provides that "[a] local health department shall have a full-time local health officer appointed by the local governing entity or in case of a district health department by the district board of health." Mich. Comp. Laws § 333.2428(1). The Health Officer appointed by the Health Board acts as "the administrative officer of the board of health and local health department . . . to protect the public health and prevent disease." *Id.* Plaintiff acknowledged that he was appointed by the Board of Health as the Health Officer and that he reported directly to the Board of Health. (Crawford Dep. 42.)

> [W]here the nature of an office or employment is such as to require a municipal board or officer to exercise a supervisory control over the appointee or employee, together with the power of removal, such employment or contract of employment by the board, it has been held, is in the exercise of a governmental function, and contracts relating thereto must not be extended beyond the life of the board.

6

*Johnson v. City of Menominee*, 434 N.W.2d 211, 213 (Mich. Ct. App. 1988) (citing 10 McQuillin, Municipal Corporations (3d ed, 1981 Rev), § 29.101, p. 469.) Because Plaintiff was appointed by the Board of Health, because one Board cannot bind the hands of any incoming board, and because the Board of Health did not promise employment security, Plaintiff's Health Officer position must be understood to be an at-will position. Plaintiff held his position as Health Officer at the whim of the ever-changing composition of the Board of Health. Plaintiff understood that the Board of Health could remove him from his position as Health Officer at any time. (Crawford Dep. 238-39.) *See Chilingirian v. Boris*, 882 F.2d 200, 204 (6th Cir. 1989) (city attorney was at-will employee because he served at the pleasure of the city counsel); *see also James v. City of Burton*, 560 N.W.2d 668, 670 (Mich. Ct. App. 1997) (holding that a political appointee was "subject to the whims of each administration").

"An at-will employee is subject to dismissal at any time and without cause; consequently, an at-will employee cannot effectively claim a protectable property interest in his or her job." *Bailey v. Floyd Cnty. Bd. of Educ. By & Through Towler*, 106 F.3d 135, 141 (6th Cir. 1997). "It is clear in Michigan, even with public employment, that if the individual in question is an employee whose employment is terminable at will, that individual has no property right in the job." *Bracco v. Michigan Technological Univ.*, 588 N.W.2d 467, 471 n.3 (Mich. Ct. App. 1998). An at-will employee has no property interest in continued

7

employment and is not entitled to due process upon termination. *Chilingirian*, 882 F.2d at 204; *see also James*, 560 N.W.2d at 671 (holding that an employer is under no obligation to comply with procedural due process in terminating an at-will employee's employment).

Plaintiff contends that because he was a full-time employee, his employment was covered by the Benzie-Leelanau District Health Department Personnel Policy (the "Policy") which provided a "satisfaction standard" for continued employment.

Contrary to Plaintiff's contentions, the Personnel Policy, by its terms, does not cover the Health Officer. The Health Officer is not among the classified positions covered by the Personnel Policy. Moreover, the Health Officer is the individual responsible for administering the Personnel Policy.

In the alternative, Plaintiff argues that even if his position as Health Officer was at will, he was a dual employee, and that he was covered by the Personnel Policy at least in his role as Environmental Health Director.

Dual employment may require separate due process analyses. *Sharp v. Lindsey*, 285 F.3d 479, 487 (6th Cir. 2002) (noting that a teacher who is employed as a coach has two sets of rights, one protected by tenure and one by a coaching contract); *Carroll v. Knox Cnty. Bd. of Educ.*, 3:07-CV-345, 2010 WL 2507046, at *8 (E.D. Tenn. June 17, 2010) (noting that where teacher was employed in two capacities, property interest was analyzed separately as to each). However, Plaintiff was not a dual employee. When Plaintiff was the Director of

8

Environmental Health, he was paid on an hourly basis. (Personnel Record, Def. Ex. 25.) When he was appointed Health Officer, he began receiving a salary. (*Id.*). He did not continue to receive an hourly wage for his work as Director of Environmental Health. The fact that he continued to perform some of the duties of Director of Environment Health after becoming the Health Officer is not indicative of dual employment because, as Plaintiff acknowledged, it is not uncommon for Health Officers in Health Departments across the State of Michigan to perform additional duties. (Crawford Dep. 54.)

Finally, to the extent Plaintiff contends that he had a subjective belief that he would only be discharged pursuant to a satisfaction standard, such a subjective belief "is wholly insufficient to establish a protected property interest." *Barachkov v. 41B Dist. Court*, 311 F. App'x 863, 874 (6th Cir. 2009) (citing *Grow v. Gen'l Products, Inc.*, 457 N.W.2d 167, 169 (Mich. Ct. App. 1990)).

Because Plaintiff has not shown that he had a property interest in his continued employment, Defendants are entitled to summary judgment on Plaintiff's due process claims.

**B. Contract Claim**

In Count 4 of his complaint, Plaintiff alleges that the Defendant Board of Health breached Plaintiff's "satisfaction contract" with the Board by terminating his employment as Health Officer.

Because the Court has found that Plaintiff was an at-will employee and was not

9

covered by the Personnel Policy, Plaintiff cannot make out a breach of contract claim, and Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim as well.

**IV.**

As the Court noted on the record at the hearing on Defendants' motion for summary judgment, the Court is troubled by this case. Plaintiff was not treated well by the Board, by his employees, or by the Board's attorney. However, the Court has no legal alternative but to grant Defendants' motion for summary judgment because of the nature of Plaintiff's at-will employment.

An order and judgment consistent with this opinion will be entered.


Dated: October 31, 2014               /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE